| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------- X<br>MARK ORLANDO,<br><br>      Plaintiff,<br><br>   - against -<br><br>N.Y.S.D.O.C.C.S, et al.<br><br>      Defendants.<br>-------------------------------------------------------- X | | C/M<br><br><br><br><br><br>**MEMORANDUM<br>DECISION AND ORDER**<br><br>19-cv-5360 (BMC) (LB) |

**COGAN**, District Judge.

Plaintiff *pro se* brought this action in connection with injuries he sustained at the Clinton Correctional Facility. For the reasons stated below, this action is transferred to the United States District Court for the Northern District of New York.

## SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated in Nassau County, but the complaint arises from plaintiff's prior incarceration at Clinton Correctional Facility in Clinton County. Plaintiff alleges that the medical staff at Clinton Correctional Facility gave plaintiff improper medication that caused serious health problems. Plaintiff brings claims under 42 U.S.C. § 1983 against the New York State Department of Correctional and Community Supervision and three members of the medical staff at Clinton Correctional Facility.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ." 28 U.S.C. § 1404(a). A civil action may be brought in, among other districts, a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), a court may transfer a case *sua sponte*. See <u>Lead Indus. Ass'n, Inc. v. Occupational Safety and Health Admin.</u>, 610 F.2d 70, 79 n.17 (2d Cir. 1979). When deciding whether to transfer venue under 28 U.S.C. § 1404(a), "the court must accept as true all of plaintiffs' well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence … ." <u>Mohsen v. Morgan Stanley & Co. Inc.</u>, No. 11-cv-6751, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

When determining whether to transfer venue, courts consider factors including, among others: plaintiff's choice of forum; the convenience of witnesses and parties; the location of relevant documents and relative ease of access to sources of proof; and the locus of operative facts. See <u>New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.</u>, 599 F.3d 102, 112 (2d Cir. 2010). Although the Court would typically give "substantial consideration" to plaintiff's choice of forum, "the emphasis that a court places on plaintiff's choice of forum diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum." <u>Pilot Corp. v. U.S. Robotics, Inc.</u>, No. 96-cv-5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997) (internal quotation marks and alternations omitted).

Here, plaintiff could have brought this action in the Northern District of New York because this district includes Clinton County, which is where the events at issue here took place. See 28 U.S.C. § 112(a). Notwithstanding plaintiff's choice to bring this action in the Eastern District of New York, the Northern District of New York is the appropriate forum for this action because: it is the locus of operative facts; the individual defendants are located in Clinton County; and the relevant witnesses and documents are likely located in Clinton County as well.

2

## **CONCLUSION**

The Clerk is directed to transfer this case to the United States District Court for the Northern District of New York. The seven-day waiting period under the Local Rules is waived.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 24, 2019